[No. C057392. Third Dist. Nov. 21, 2008.]

WAYNE LEWIS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, BEUTLER HEATING
AND AIR CONDITIONING et al., Respondents.

**COUNSEL**

Marcus & Regalado and Marc G. Marcus for Petitioner.

Adelson, Testan, Brundo & Jimenez and Juli Solomon for Respondent Arch Insurance.

No appearance for Respondents Workers' Compensation Appeals Board and Beutler Heating & Air Conditioning.

**OPINION**

**DAVIS, Acting P. J.**—As part of its 2004 comprehensive reform of the workers' compensation laws, the Legislature adopted a new schedule for rating permanent disability. Pursuant to Labor Code section 4660, subdivision (d) (hereafter, section 4660(d)), the new schedule applies to all compensable claims arising on or after January 1, 2005, as well as to compens-

able claims arising before January 1, 2005, when, as relevant here, " 'there has been either no comprehensive medical-legal report or no report by a treating physician indicating the existence of permanent disability . . . .' "[1] (*Genlyte Group, LLC v. Workers' Comp. Appeals Bd.* (2008) 158 Cal.App.4th 705, 709, 715–716 [69 Cal.Rptr.3d 903] (*Genlyte*); *Zenith Ins. Co. v. Workers' Comp. Appeals Bd.* (2008) 159 Cal.App.4th 483, 486, 493 [71 Cal.Rptr.3d 724] (*Zenith*); see *Vera v. Workers' Comp. Appeals Bd.* (2007) 154 Cal.App.4th 996, 1000–1001 [65 Cal.Rptr.3d 151] (*Vera*).)

■ In this proceeding, we take the side of the decisions in *Genlyte* and *Zenith* in their dispute with *Vera* over the interpretation of this provision in section 4660(d). Consequently, we conclude that a comprehensive medical-legal report or a treating physician's report need not state that the injured worker's condition has reached permanent and stationary status to indicate the existence of permanent disability within the meaning of section 4660(d). We annul the decision of the Workers' Compensation Appeals Board (WCAB) and remand the matter for the WCAB to determine whether a treating physician's report indicated, based on substantial evidence in light of the entire record, the existence of permanent disability prior to January 1, 2005.

### BACKGROUND

Wayne Lewis suffered an admitted injury to his low back on August 18, 2004, while working for Beutler Heating and Air Conditioning. Lewis's primary treating physician for this injury was Stephen Mann, M.D. It is undisputed that Lewis also had a prior back injury treated by lumbar fusion surgery.

The present matter proceeded to workers' compensation trial on June 18, 2007, on the single issue of whether the new 2005 Permanent Disability Rating Schedule (2005 Schedule) or the old 1997 Permanent Disability Rating Schedule (1997 Schedule) applied to the determination of permanent disability caused by Lewis's August 18, 2004, industrial injury. No testimony was taken at trial. The matter was submitted on the medical reports entered into evidence and on the parties' briefs.

Lewis has maintained that the 1997 Schedule should apply pursuant to section 4660(d). This is because, Lewis argues, Dr. Mann's December 17, 2004, report—which states that Lewis cannot "return to his usual and customary job duties" and that "[v]ocational rehabilitation efforts are indicated"—is a pre-January 1, 2005, treating physician's report "indicating the existence of permanent disability" within the meaning of section 4660(d).

---

[1] Hereafter, undesignated section references are to the Labor Code.

Beutler and its insurer have countered that the 2005 Schedule should apply because Dr. Mann's December 17, 2004, report is not sufficient evidence on which to conclude that the 1997 Schedule should apply.

Although the workers' compensation judge (WCJ) agreed that a finding of a need for vocational rehabilitation services indicates the existence of permanent disability, the WCJ ultimately concluded that Dr. Mann's (Dec. 17, 2004) finding of this need was not specifically tied to Lewis's August 18, 2004, injury. Thus, the WCJ found that Dr. Mann's December 17, 2004, report did not constitute a pre-January 1, 2005, treating physician's report "indicating the existence of permanent disability" within the meaning of section 4660(d), and therefore the 2005 Schedule applied.

Lewis petitioned for reconsideration of the WCJ's decision. While Lewis's petition was pending, *Vera* was decided. *Vera* held that for the 1997 Schedule (i.e., the old schedule) to apply under the "treating physician's report" exception of section 4660(d), the report must indicate that the injured worker has reached "permanent and stationary" status. (*Vera, supra,* 154 Cal.App.4th at pp. 1005, 1008.)

Relying solely on *Vera*, which was the only published decision on the issue at the time, the WCAB denied Lewis's petition for reconsideration. The WCAB concluded that the 2005 Schedule applied because Dr. Mann's December 17, 2004, report did not indicate, in light of the record, that Lewis's status before January 1, 2005, was permanent and stationary, as required by *Vera*.

Lewis petitioned this court for a writ of review, which we denied summarily. The state Supreme Court then granted review and transferred the matter back to us with directions to issue a writ of review. The high court's order cited *Genlyte* and *Zenith*, two decisions critical of *Vera*. We have now issued a writ of review.

### Discussion

As noted, *Vera* concluded that for the 1997 Schedule (i.e., the old schedule for rating permanent disability) to apply under the "treating physician's report" exception of section 4660(d) (i.e., a treating physician's report "indicating the existence of permanent disability" prior to Jan. 1, 2005), the report has to indicate that the injured worker has reached "permanent and stationary" status. (*Vera, supra,* 154 Cal.App.4th at pp. 1005, 1008.) This was not the case in *Vera*, where the treating physician's pre-January 1, 2005, report stated that while the injured worker's condition was not permanent and stationary, the worker had a permanent disability. (*Id.* at p. 1001.) Consequently, the 2005 Schedule (i.e., the new schedule) applied to the injured worker in *Vera*. (*Id.* at p. 999.)

The reasoning underlying *Vera*'s conclusion was two-fold: (1) a treating physician does not "normally" address the issue of permanent disability until an injured worker is permanent and stationary; and (2) the terms "permanent disability" and "permanent and stationary status" are used interchangeably in the applicable administrative regulations. (*Vera, supra*, 154 Cal.App.4th at pp. 1005–1008.)

*Genlyte* characterized "the *Vera* court's conclusion" as "miss[ing] the mark." (*Genlyte, supra*, 158 Cal.App.4th at p. 719.) *Genlyte* stated with respect to reason (1) from *Vera*: "[T]he exceptions in section 4660(d) are broadly worded and include *any* comprehensive medical-legal or treating physician's report 'indicating the existence of permanent disability.' The language of the statute is not limited to what the *Vera* court properly describes as the *typical* final or permanent and stationary report." (*Ibid.*, second italics added.) And *Genlyte* remarked with respect to reason (2) from *Vera*: "The Legislature has repeatedly demonstrated its ability to specify [in statutes] 'permanent and stationary status' when that is what it intends." (*Ibid.*)

The same appellate court panel that decided *Genlyte* reiterated these views in *Zenith*. (*Zenith, supra*, 159 Cal.App.4th at pp. 496–499.)

■ We agree with *Genlyte* and *Zenith* that an injured worker's condition need not be permanent and stationary for the section 4660(d) comprehensive medical-legal report or treating physician's report to indicate the existence of permanent disability. If the existence of a permanent disability is indicated here in Dr. Mann's treating physician's report of December 17, 2004, in light of the entire record, then the 1997 Schedule will apply. (§ 4660(d); see *Zenith, supra*, 159 Cal.App.4th at p. 495.)

■ As explained in the Background part of this opinion, the parties disagree as to what Dr. Mann's December 17, 2004, report does show with respect to permanent disability and Lewis's August 18, 2004, injury. It is well settled that the finding of permanent disability is a question of fact. (*Zenith, supra*, 159 Cal.App.4th at p. 495.) Consequently, as in *Genlyte* and *Zenith*, we will remand this matter to the WCAB to determine whether Dr. Mann's December 17, 2004, treating physician's report is substantial evidence "indicating the existence of permanent disability" regarding Lewis's August 18, 2004, injury, based on the entire record. (§ 4660(d); see *Genlyte, supra*, 158 Cal.App.4th at pp. 723–724; *Zenith, supra*, 159 Cal.App.4th at p. 499.) If so, the 1997 Schedule will apply. If not, the 2005 Schedule will apply. (§ 4660(d).)

DISPOSITION

The decision of the WCAB is annulled and the matter is remanded for further proceedings consistent with this opinion. The parties are to bear their own costs in this proceeding.

Nicholson, J., and Cantil-Sakauye, J., concurred.